**Curtiss David THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00546–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 24, 1988.

Buddy Stevens, Angleton, for appellant.

Jim Turner, Asst. Dist. Atty., Brazoria County, for appellee.

Before JACK SMITH, SAM BASS and COHEN, JJ.

OPINION

JACK SMITH, Justice.

A jury found appellant guilty of robbery, found the enhancement allegations to be true, and assessed his punishment at 15 years confinement.

In his first six points of error, appellant contends that the trial court committed fundamental error in submitting a charge to the jury on the parole law pursuant to Tex.Code Crim.P.Ann. art. 37.07, sec. 4 (Vernon Supp.1988). Appellant argues that article 37.07, section 4 is unconstitutional because the instruction violates the separation of powers doctrine, appellant's rights to due process of law, and because it invites confusion. He also argues that the charge is not authorized by law because Tex.Code Crim.P.Ann. art. 42.12 (Vernon Supp.1988) does not contain sections 3(f)(a)(1) or 3(f)(a)(2) as referred to in the parole statute.

Appellant acknowledges using the same arguments and authorities as cited in the petition for discretionary review of *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1987, pet. granted). The Court of Criminal Appeals has recently decided *Rose* and held that article 37.07, section 4, and any jury charge given pursuant to that statute, is unconstitutional. *Rose v. State*, No. 193–87 (Tex.Crim.App., Nov. 12, 1987) (not yet reported).

■ Although the majority opinion does not address how to analyze the harm that could occur because of the statute, the concurring opinions use the standard enunciated in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). *Rose*, slip op. at 22. We agree that *Almanza* is the correct standard to be used in jury charge error. Therefore, while the giving of the instruction is error, it is not automatically reversible error.

■ When there is no objection at trial, as in the instant case, a higher level of harm is required to merit reversal. *Gibson v. State*, 726 S.W.2d 129, 131 (Tex.Crim. App.1987) (op. on reh'g). The harm to the appellant must be "egregious," i.e., so harmful that he is deprived of a "fair and impartial trial." *Almanza*, 686 S.W.2d at 172.

■ During its case in chief, the State introduced evidence of appellant's prior conviction for the felony offense of aggravated robbery by using a deadly weapon and a misdemeanor conviction for driving while intoxicated, for which he pleaded guilty and received a $500 fine and 18 days in jail. The State also elicited testimony from the appellant on cross-examination that he was currently on parole from a 10–year aggravated robbery conviction. Although the prosecutor did not comment on the parole charge in the jury argument, he did request that the jury give appellant the maximum sentence and fine because the appellant had shown that he was not rehabilitated.

Appellant was charged with robbery, enhanced by a prior felony, with a punishment range of life or from five to 99 years and a fine not to exceed $10,000. Tex.Penal Code Ann. secs. 12.32, 12.42(b), 29.02(b) (Vernon 1974 & Supp.1988). The jury assessed punishment at only 15 years confinement.

After considering the entire jury charge, jury argument, and the evidence, we find that any instruction given pursuant to article 37.07, section 4 was not "egregious error." *Almanza*, 686 S.W.2d at 172. There is no evidence that the parole charge influenced the jury's assessment of punishment. Moreover, the sentence that appellant received was at the lower end of the punishment spectrum.

Points of error one through six are overruled.

In his seventh point of error, appellant complains that the trial court erred in not allowing a psychologist, a defense witness, to testify as an expert witness about the reliability of the eyewitness testimony.

Appellant concedes that Texas has held that this type of testimony is an inadmissible attack on the credibility of a lay witness and that cross-examination should be used for that purpose. *See Holloway v. State*, 613 S.W.2d 497 (Tex.Crim.App.1981). He urges us to adopt the reasoning of Judge Teague's dissent in *Brown v. State*, 689 S.W.2d 219 (Tex.Crim.App.1985) (Teague, J., dissenting).

Almost uniformly, state and federal courts have upheld the trial court's exercise of discretion to exclude such testimony. *See, e.g., United States v. Purnam*, 725 F.2d 450, 454 (8th Cir.1984); *United States v. Watson*, 587 F.2d 365, 368–69 (7th Cir.1978), *cert. denied sub nom, Davis v. United States*, 439 U.S. 1132, 99 S.Ct. 1055, 59 L.Ed.2d 95 (1979); *United States v. Amaral*, 488 F.2d 1148, 1152–53 (9th Cir. 1973); *State v. Kemp*, 199 Conn. 473, 507 A.2d 1387 (1986); *Hooper v. State*, 476 So.2d 1253 (Fla.1985); *State v. Poland*, 144 Ariz. 388, 698 P.2d 183 (1985); *People v. Clark*, 124 Ill.App.3d 14, 79 Ill.Dec. 427, 463 N.E.2d 981 (1984); *Commonwealth v. Francis*, 390 Mass. 89, 453 N.E.2d 1204 (1983); *Taylor v. United States*, 451 A.2d 859 (D.C.App.1982); *People v. Lawson*, 37 Colo.App. 442, 551 P.2d 206 (1976).

Only California has held that, where an eyewitness' identification is a key element of the prosecution's case, it is error to exclude the testimony of an expert on the reliability of a witness' identification. *See People v. McDonald,* 37 Cal.3d 351, 208 Cal.Rptr. 236, 690 P.2d 709 (1984).

We decline to adopt this reasoning, and hold that the credibility of the lay witness should be left to the jury to decide. We find nothing to be gained by permitting an expert witness to proffer an opinion on the reliability of an eyewitness when any member of the jury could "form an opinion on the issue equally readily and with the same degree of logic as the witness." *Holloway,* 613 S.W.2d at 500. Moreover, we note that the proffered testimony goes only to the credibility of the lay witness and does not assist the trier of fact in understanding the evidence or in determining a fact issue. Tex.R.Crim.Evid. 702.

Point of error seven is overruled.

The judgment of the trial court is affirmed.